UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Marcus G. Hamilton,** *et al.***,**

    **Plaintiffs,**

v.

**Ross Correctional Institution,** *et al.***,**

    **Defendants.**

Case No. 2:22-cv-1872

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

Ohio Department of Rehabilitation and Corrections ("ODRC"), Ross Correctional Institution ("RCI"), Warden Donnie Morgan ("Warden Morgan"), Corrections Officer Hayes ("Hayes"), Corrections Officer Sexton ("Sexton"), and Eric Graves ("Graves" collectively, "Moving Defendants") move for judgment on the pleadings on some of Marcus G. Hamilton's ("Hamilton") and the Estate of Nicholas Davis's (collectively, "Plaintiffs") claims. ECF No. 32. For the following reasons, the motion is **GRANTED**.

### I.    FACTS[1]

Plaintiffs' allegations are deeply troubling.

During the relevant times, Hamilton and Nicholas Davis ("Davis") were inmates at Ross Correctional Institution. Compl. ¶ 1, ECF No. 1. On May 4,

---

[1] The Court accepts Plaintiffs' factual allegations as true for the purposes of Defendants' motion. *See Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

2020, three corrections officers, Defendants Scott A. Ahart ("Ahart"), Barry E. Tanner ("Tanner")[2] and Graves, forced Hamilton and Davis into an empty cell to fight each other. *Id.* ¶ 15. The cell had been cleared out in preparation for the fight, and Ahart and Tanner bet on the outcome. *Id.* ¶¶ 17, 21.

Hamilton and Davis had no dispute with each other and no desire to fight. *Id.* ¶ 20. However, because Hamilton and Davis were afraid of repercussions for failing to follow instructions, they fought. *Id.* ¶¶ 20, 22. Afterwards, Hamilton and Davis were disciplined for their roles in the fight. *Id.* ¶ 24.

Hamilton and Davis shared their story with the media, and the prison staff retaliated against them. *Id.* ¶¶ 25–29. For example, Sexton and Hayes told other inmates that Hamilton was a "snitch" to incite other inmates to hurt him. *Id.* ¶ 26. Sexton and Hayes physically assaulted Hamilton and referred to Hamilton, who identifies as African-American, with racial slurs including "monkey" and "n****r." *Id.* ¶¶ 2, 26–7.

Subsequently, there was an investigation into Hamilton's and Davis's allegations. *Id.* ¶¶ 31–33. Graves allegedly invented a cover story and instructed everyone interviewed to tell this invented story. *Id.* ¶ 31. Graves attended every interview, allegedly in an attempt to intimidate interviewees into telling his invented story. *Id.* ¶ 32.

---

[2] Ahart and Tanner did not join in the motion for judgment on the pleadings.

Due to all these events, Hamilton and Davis sustained physical and psychological injuries. *Id.* ¶ 35. Plaintiffs allege that the Hamilton-Davis fight was not the only time prison officials forced inmates to fight—it was "merely the first time Defendants were caught." *Id.* ¶ 34.

Plaintiffs now bring this action and assert the following claims: (1) constitutional claims under 42 U.S.C. § 1983, alleging violations of Plaintiffs' First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights; (2) assault and battery under Ohio law; and (3) negligence under Ohio law. *Id.* ¶¶ 37–56.

## II. STANDARD OF REVIEW

"For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Fritz*, 592 F.3d at 722 (quoting *JPMorgan Chase Bank v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)). A claim survives a motion to dismiss under Rule 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). This standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [unlawful conduct]." *Twombly*, 550 U.S. at 556. A pleading's "[f]actual allegations must be enough to

raise a right to relief above the speculative level, on the assumption that all the allegations in the [pleading] are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted). At the motion to dismiss stage, a district court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Wamer v. Univ. of Toledo*, 27 F.4th 461, 466 (6th Cir. 2022) (internal quotation marks and citations omitted). However, the non-moving party must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

### III.  ANALYSIS

Moving Defendants move for judgment on the pleadings on the following claims: (1) all claims against Warden Morgan, Hayes, Sexton, and Graves (collectively "Moving Individual Defendants") in their official capacities; (2) all claims against ODRC and RCI; (3) all individual-capacity claims against Warden Morgan; and (4) all individual-capacity state-law claims against Moving Individual Defendants. Mot., ECF No. 32.

As an initial matter, Plaintiffs agree that the following claims should be dismissed: all official-capacity claims against Moving Individual Defendants and all claims against ODRC and RCI. *See* Resp. 1, ECF No. 38. Accordingly, as to those claims, Moving Defendants' motion is **GRANTED**; all official-capacity claims against Moving Individual Defendants and all claims against ODRC and RCI are **DISMISSED WITHOUT PREJUDICE**.

The Court now considers the individual-capacity claims against Warden Morgan and the individual-capacity state-law claims against Moving Individual Defendants.

### A. Warden Morgan

Plaintiffs allege that Warden Morgan was personally involved in the alleged wrongful conduct.[3] Compl. ¶¶ 43–44, ECF No. 1. Specifically, Plaintiffs argue that Warden Morgan failed to adequately train and supervise the other Defendants and also ratified the misconduct of the other Defendants. *Id*.

Plaintiffs' claims against Warden Morgan must be dismissed. The Sixth Circuit has explained individual liability of supervisors as follows:

> A supervisor is not [individually] liable pursuant to § 1983 for failing to train unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct.

*Phillips v. Roane Cty.*, 534 F.3d 531, 543, (6th Cir. 2008) (cleaned up). Even when a plaintiff alleges that the supervisor "implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct," however, a "mere failure

---

[3] Warden Morgan argues that the individual-capacity claims against him are rooted in *respondeat superior* liability, and he cannot be subject to *respondeat superior* liability under Section 1983. Warden Morgan is correct that he cannot be subject to *respondeat superior* liability in a Section 1983 claim. *See Pineda v. Hamilton Cnty., Ohio*, 977 F.3d 483, 490 (6th Cir. 2020) (explaining that respondeat superior liability is unavailable in Section 1983 claims (citing cases)). However, because Plaintiffs are attempting to assert claims against Warden Morgan based on his alleged personal involvement, Warden Morgan's *respondeat superior* arguments are misplaced.

to act will not suffice[.]" *Essex v. Cnty. of Livingston*, 518 F. App'x 351, 355 (6th Cir. 2013) (citation omitted).

Here, Plaintiffs' claims against Warden Morgan fail. Plaintiffs allege only that there had been multiple previous incidents of prison staff forcing inmates to fight, Compl. ¶ 34, ECF No. 1, that Warden Morgan knew of at least some of those incidents, *Id.* ¶ 43, and yet he still failed to adequately train and supervise prison staff. *Id.* ¶¶ 43–44. Even construed in the light most favorable to Plaintiffs, Plaintiffs allege nothing more than a "mere failure to act" by Warden Morgan, and that is insufficient. *Essex*, 518 F. App'x at 355 (citation omitted). Although Plaintiffs allege in passing that Warden Morgan ratified the other Defendants' actions, Compl. ¶ 44, ECF No. 1, Plaintiffs provide no specific factual allegations to support an inference that this ratification involved anything more than a failure to act or tacit approval. Accordingly, the claims against Warden Morgan are **DISMISSED WITHOUT PREJUDICE**. Should discovery reveal any "active performance" by Warden Morgan that caused Plaintiffs' injuries, *see Essex*, 518 F. App'x at 355 (internal quotation marks and citations omitted), Plaintiffs may move for leave to amend their Complaint.

**B.    State Statutory Immunity**

Moving Individual Defendants argue that any individual-capacity state-law claims against them are barred by the immunities outlined in Ohio Revised Code §§ 9.86 and 2743.02. Mot. 9–10, ECF No. 32.

To the extent that Moving Individual Defendants argue that these individual state-law claims should be dismissed because the Court lacks personal jurisdiction over Moving Individual Defendants, that argument fails. A "challenge to personal jurisdiction must be raised in the first responsive pleading or [it is] waived." *Taubman Co. v. Webfeats*, 319 F.3d 770, 773 (6th Cir. 2003) (citing Fed. R. Civ. P. 12(h)(1)). Moving Individual Defendants have filed their Answers, and neither Answer raised the personal jurisdiction defense. *See* ECF No. 19 & 31.[4] Thus, Moving Individual Defendants have waived the personal jurisdiction defense.

However, although Moving Individual Defendants briefly cite to Rule 12(b)(2) in their motion, the substance of their argument—that they are entitled to state statutory immunity on the state-law claims—is really a Rule 12(b)(6) argument. *See Haynes v. Marshall*, 887 F.2d 700, 705 (6th Cir. 1989) (explaining that, until state statutory requirements were met regarding statutory immunities, there was "no claim under Ohio law upon which relief may be granted against state employees in their individual capacities"). As such, the Court considers the statutory immunity argument under a Rule 12(b)(6) framework.

---

[4] Graves, Hayes, and Sexton have filed two Answers. *See* ECF No. 19 & 31. The later-filed Answer seems to be an Amended Answer, although it is not so-titled. *Id.* In any event, neither Answer raises the personal jurisdiction defense.

Under Ohio law, state officers and employees are generally immune from suit on individual-capacity claims. *See, e.g.*, *McCormick v. Miami Univ.*, 693 F.3d 654, 664 (6th Cir. 2012) (interpreting Ohio law); *Haynes*, 887 F.2d at 703–05 (same). Ohio Revised Code Sections 9.86 and 2743.02(F) provide for immunity in civil actions for state employees unless the Ohio Court of Claims determines that the employees are not immune. *See* Ohio Rev. Code §§ 9.86; 2743.02(F). The Sixth Circuit has construed these provisions together as follows:

> Ohio law requires that, as a condition precedent to asserting a cause of action against a state employee in his individual capacity, the Court of Claims must first determine that the employee is not entitled to the immunity provided for in Revised Code section 9.86. Prior to that condition being satisfied, then, there is no claim under Ohio law upon which relief may be granted against state employees in their individual capacities.

*Haynes*, 887 F.2d at 705. In other words, "state employees may not be sued unless and until it has been determined by the Court of Claims that they are not entitled to immunity." *Id.* at 704.

Here, the Complaint contains no allegations that the Court of Claims has determined whether Moving Individual Defendants are entitled to statutory immunity. Until the Ohio Court of Claims makes such a determination, Plaintiffs have "no cause of action cognizable under Ohio law[.]" *Haynes*, 887 F.2d at 705. As such, Plaintiffs fail to state any individual-capacity, state-law claims against the Moving Individual Defendants.

## IV. CONCLUSION

For these reasons, Moving Defendants' motion to dismiss is **GRANTED**.

The following claims are **DISMISSED WITHOUT PREJUDICE**:

- All claims for damages against Moving Defendants in their official capacities;
- All claims against ODRC and RCI;
- All claims against Warden Morgan; and
- The state-law claims against Moving Individual Defendants.

If appropriate based on facts revealed in discovery, Plaintiffs may move for leave to amend their Complaint to re-assert their claims against Warden Morgan. Similarly, if Plaintiffs can properly allege that the Ohio Court of Claims has determined that Moving Individual Defendants are not immune from suit on the state-law claims, Plaintiffs may move for leave to amend their Complaint to so allege.

The Clerk shall terminate ECF No. 32.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**